## NELSON vs. TUMLIN et al.

1. Where one of two joint makers of a promissory note, the two makers being partners, sought to discharge himself from liability by showing that he paid the money due the plaintiff to the other joint maker and partner, who informed him that he was the agent of the payee, he could not thus prove the agency.

2. The fact that one of the joint makers had the note in possession might be evidence that he had paid it, but not that he held it as the payee's agent.

(a.) Where two joint makers gave a note for money borrowed and used in a business in which the two were partners, and the payee knew nothing as to one of them being a principal and the other a surety, the note showing nothing of the sort, in a suit against them both, one of them could not relieve himself of liability by showing that he paid the money to the other joint maker, who was, in fact, his surety, and who stated that he was the agent of the payee.

(b.) The verdict is contrary to law and evidence.

January 6, 1885

Promissory Notes. Partnership. Principal and Agent. Principal and Surety. Verdict. Before Judge FAIN. Bartow Superior Court. January Adjourned Term, 1884.

Tumlin and Hudgins were partners, the former being a silent one. They borrowed money from Mrs. Nelson, and gave a joint and several note, payable to bearer, and signed by Tumlin first and Hudgins second. Mrs. Nelson brought suit on it. Tumlin filed no plea; Hudgins pleaded payment On the trial, he testified that Tumlin brought the note to him (or, at least, he beleived it to have been the note, from inspection, and did not think himself mistaken, though his description as to credits entered did not tally with the original); that Tumlin said he wanted the money for Mrs. Nelson, at her request that he would collect it; that Hudgins gave him partnership funds sufficient to settle the claim; that Tumlin said he must carry the note back to show Mrs. Nelson the calculation, and promised to return it, but never did so; that all of the note was in the handwriting of Tumlin, except the signature of Hudgins; that the

money was borrowed by Hudgins for use in the partnership business, and Hudgins was principal and Tumlin security. Tumlin was not introduced, and there was no evidence to show that any money was paid to Mrs. Nelson. She and her son testified that the original note had never been out of her possession ; she stated also that she knew nothing of the relationship of Tumlin and Hudgins as partners, or as principal and surety, but loaned both of them the money.

The jury found for defendant, Hudgins, and against Tumlin. The plaintiff moved for a new trial on numerous grounds, the substance of which was as follows:

(1.) Because the verdict was contrary to law and evidence.

(2.) Because the court admitted evidence of the sayings of Tumlin, to the effect that he was acting for Mrs. Nelson. —The objection was that the agency could not be so established.

(3.) Because the court charged to the effect that possession of the note by Tumlin would be *prima facie* evidence of his right to receive the money thereon.

(4.) Because the court charged to the effect that either party to a note, joint on its face, could show that one of the makers was principal and the other surety ; and that, although the money may have gone into the partnership business, if it was capital or money to be furnished by Hudgins, it could be his debt as principal, and not a partnership debt; and that, if this were the case, the other party to the note could reasonably hold it; and the fact that he held the note and sought to collect it, under such circumstances, would not be notice to Hudgins that he had no right to collect it as holder, or agent of the owner.

The motion was overruled, and plaintiff excepted

JAMES B. CONYERS · J. H. LUMPKIN, for plaintiff in error.

E. D. GRAHAM ; GRAHAM & FOUTE, for defendants.

JACKSON, Chief Justice.

The controlling question made by this record is, whether one of two joint makers of a promissory note for borrowed money, being partners, can pay the money due the plaintiff to the other, and discharge himself from liability thereon, the other informing him that he is agent for the payee? We think not.

1. He cannot thus prove himself to be agent. 26 *Ga.*, 472 ; Ewell Ev. on Agency, top p. 22, note 1.

2. The fact that he had the note in possession might be evidence that he paid it, but not that he held it as the payee's agent. The defence is that he held it as her agent, and being surety only, wanted Hudgins, the principal, to pay him, that he might pay her. Whereupon Hudgins pleads this as payment to the payee, which raises the issue of law, whether, both owing the money to plaintiff, can one defend by setting up that he paid it to the other for the payee, they being partners, and the money having gone into the partnership business? It will be noted that the facts show that the payee knew nothing about one being surety and the other principal, nor does the note show anything of the sort. Under the facts, as made, we think that the verdict is contrary to law and evidence, and cannot be upheld.

Besides, the testimony is not clear that Tumlin had the note in possession, even according to defendant in error's account of it and the clerk's, whilst the payee swears that he did not have it at all, and is confirmed by her son.

Tumlin said he must keep the note to show the payee that the calculation was right. It is Hudgins's fault if he allowed Tumlin to keep the note when he paid the money to him for the payee, and he must suffer for his partner's failure to pay with one partner's money that which both owed.

In any view of the case, the verdict relieving Hudgins from the partnership debt is wrong, where he paid it to his

partner. It is the same as paying it to himself. Under this view of the case, it is unnecessary to deal particularly with the errors assigned, which all gravitate to this controlling point.

See, cited by plaintiff in error, 1 Gr. Ev. Par. 38, note 1; Code, §§1904, 1915, 1918, 2165, 2166 *et seq.*; Brandt on Sur. and Guar., par. 17, note; 6 *Ga.*, 44; 26 *Id.*, 426.

Judgment reversed.